IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

KELLY BARKER, individually and on behalf of all those similarly situated; KATHY KENOLE, individually and on behalf of all those similarly situated,

        Plaintiffs,

    v.

CHERYL C. KOFF; PHILIP B. AVILA; BORTON & PETRINI, LLP; CHERYL C. KOFF D.B.A. G.O.N.E., A SOLE PROPRIETORSHIP; CHRISTIAN P. HURST DBA G.O.N.E.; DAWN HARLEMAN; SHELLY PREHM; G.O.N.E., A SOLE PROPRIETORSHIP; GONE, INC.; COMPLEX; AND, DOES 1 THROUGH 50, inclusive,

        Defendants.

2:09-cv-00001-GEB-JFM

ORDER

----

Defendants Philip B. Avila and Borton Petrini LLP (collectively "Attorney Defendants") move to strike Plaintiffs' Complaint under California's "Anti-Strategic Lawsuit Against Public Participation (SLAPP)" statute, and the Attorney Defendants also seek to strike all individual claims on other grounds; however, only the Anti-SLAPP motion is considered since the Attorney Defendants have not shown that a motion to strike is "a proper way to procure the dismissal of all or a portion of [Plaintiffs'] complaint . . ." 5c Wright, Miller, & Kane, Federal Practice & Procedure, Civil 3d § 1380 p. 391 (West 2004); therefore, the balance of the motion to strike is denied.

1

1         Defendants Cheryl C. Koff, Christian P. Hurst, GONE Inc.,
2 Chelsea Van Petten, Dawn Harleman, and Shelly Prehm (collectively
3 "GONE"), move to amend their Answer, for summary judgment on
4 Plaintiffs' claims, for summary judgment on their res judicata
5 affirmative defense, for summary judgment on affirmative defenses not
6 yet pled, to include additional affirmative defenses in their Answer,
7 and they seek to adopt the argument and authorities made by the
8 Attorney Defendants in their Anti-SLAPP motion to strike.  Plaintiffs
9 Kelly Barker and Kathy Kenole (collectively "Plaintiffs") cross-move
10 for summary judgment on all of Plaintiffs' claims.  Each motion is
11 opposed.

<u>GONE's Motion to Amend and for Summary Judgment</u>

13         GONE seeks to amend their Answer under Federal Rule of Civil
14 Procedure ("Rule") 15 to set forth the following four affirmative
15 defenses: 1) statute of limitations; 2) laches; 3) Rooker-Feldman
16 doctrine; and 4) collateral estoppel and res judicata.  Since the
17 collateral estoppel and res judicata defenses are already in GONE's
18 Answer, this portion of the motion is denied as moot.  GONE's motion
19 for summary judgment based on new defenses not yet pled in GONE's
20 Answer is denied since the defenses are not yet issues in this case.
21 However, GONE's motion to add these defenses to their Answer is
22 granted, provided that the Amended Answer is filed and served no later
23 than 10 days after this Order is filed.
24         Plaintiffs opposes GONE's res judicata summary judgment
25 motion arguing "discovery would be needed" to oppose the motion.
26 However, this issue need not be reached since this portion of GONE's
27 motion is denied because the motion is based on state court claims
28 which GONE has not shown are the same as the claims involved in this

2

federal action. <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 381 (9th Cir. 1998) (stating an element of the res judicata defense is "identity of claims").

<u>Plaintiffs' Motion for Summary Judgment</u>

Plaintiffs' summary judgment motion is also denied since it is only supported by conclusory averments, which are insufficient to justify granting the motion. <u>See</u> <u>Walker v. Sumner</u>, 917 F.2d 382, 387 (9th Cir. 1990) (stating that movant's "conclusory assertions were wholly insufficient to sustain the [movant's] burden . . . .")

<u>Motion to Strike</u>

The Attorney Defendants argue Plaintiffs' Complaint should be stricken under California's Anti-SLAPP statute. However, the Attorney Defendants have not shown this statute applies to the federal claims against them. See <u>Globetrotter Software, Inc., v. Elan Computer Group, Inc.</u>, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999) (concluding "the anti-SLAPP statute not applicable to the federal claims asserted by [Plaintiffs]"). Therefore, this portion of the motion is denied.

A two-step analytical process is involved when deciding Plaintiffs' Anti-SLAPP motion. "First, [the Attorney Defendants] must make an initial prima facie showing that the [P]laintiff[s'] suit arises from an act in furtherance of the [Attorney Defendants'] rights of petition . . . ." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1110 (9th Cir. 2003). "Second, once the [Attorney Defendants have] made a prima facie showing, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on [each of their claims against the Attorney Defendants]." <u>Id</u>.

1          The Attorney Defendants argue Plaintiffs' Complaint in this
2    federal action concerns the Attorney Defendants petitioning activity
3    in state court; specifically, the protected activity under the Anti-
4    SLAPP statute of filing a state court lawsuit on behalf of their
5    clients.  (Mot. at 2.)  The Attorney Defendants filed claims in state
6    court on behalf of their clients, and subsequently obtained default
7    judgments against Plaintiffs on those claims.  These "litigation
8    activities" are protected under the Anti-SLAPP suit.  <u>Church of
9    Scientology v. Wollersheim</u>, 42 Cal.App.4th 628, 647-49 (1996)("A cause
10   of action 'arising from' defendant's litigation activity may
11   appropriately be the subject of a [California Code of Civil Procedure]
12   section 425.16 motion to strike.  California Code of Civil Procedure §
13   425.16(e) of the Anti-SLAPP statute prescribes "[A] writing made in
14   . . . a judicial proceeding . . . ." is a protected activity for Anti-
15   SLAPP purposes.

16         Plaintiffs counter that the Anti-SLAPP statute does not
17   apply because the Attorney Defendants' committed the crime of perjury
18   when litigating the state court action by "using false declarations
19   wherein [the Attorney Defendants] falsely state they have personal
20   knowledge of the facts giving rise to the . . . [state court] lawsuits
21   [], when, in fact, [they] have no such personal knowledge," and this
22   perjury is not a protected activity under the Anti-SLAPP statute.
23   (Compl. ¶ 8.)  However, "conduct that would otherwise come within the
24   scope of the Anti-SLAPP statute does not lose its coverage simply
25   because it is alleged to have been unlawful or unethical."  Lauter v.
26   Anoufrieva, No. 07-6811, 2009 WL 2192362, at *33 (C.D. Cal. July 14,
27   2009) (citing Birkner v. Lam, 156 Cal. App. 4th 275, 285 (2007)).  The
28   "petition activity loses protection only if it is established through

1  defendant's concession or by uncontroverted and conclusive evidence
2  that the conduct was illegal as a matter of law." Id. (citing Flatley
3  v. Mauro, 39 Cal. 4th 299, 320 (2006)). Plaintiffs have not satisfied
4  this standard.
5        Plaintiffs also argue the Anti-SLAPP statute does not apply
6  because this is an action brought on behalf of the public. Section
7  425.17 provides "§ 425.16 does not apply to any action brought solely
8  in the public interest or on behalf of the general public if . . .
9  the plaintiff does not seek any relief greater than or different from
10 the relief sought for the general public . . . ." Since Plaintiffs
11 seek the personal relief of setting aside the state default judgments
12 entered against them, this exception does not apply. Accordingly, the
13 Attorney Defendants have met their burden of demonstrating that they
14 were engaged in protected activities under the Anti-SLAPP statute.
15       The Attorney Defendants argue Plaintiffs have not
16 demonstrated a probability of prevailing on the merits of each state
17 claim at issue. Plaintiffs allege the following claims against the
18 Attorney Defendants: violations of the California Rosenthal Unfair
19 Debt Collection Practices Act ("RFDCPA"); the Unlawful Business
20 Practices Act; conspiracy to commit unlawful acts; state Due Process
21 law; and the California Fair Credit Reporting Act.
22       The Attorney Defendants argue Plaintiffs have not
23 demonstrated a probability of prevailing on their RFDCPA claims
24 against the Attorney Defendants since Plaintiffs failed to provide
25 evidence that they brought the action "within one year from the date
26 on which the violation occurs." Cal. Civ. Code § 1788.30(f). The
27 Attorney Defendants argue the "exhibits to the [C]omplaint demonstrate
28 that the alleged acts occurred more than one-year prior to the filing

1 of the [C]omplaint." (Attorney Defendants['] Mot. at 2.) The
2 Attorney Defendants are correct.
3      The Attorney Defendants also argue Plaintiffs have not
4 demonstrated a probability of prevailing on the merits of their
5 Unlawful Business Practices Act claim, which is alleged under Cal.
6 Bus. & Prof. Code § 17200, because Plaintiffs failed to provide
7 evidence indicating that Plaintiffs have standing to bring this claim.
8 To allege standing, Plaintiffs must establish they have "suffered
9 injury in fact and ha[ve] lost money or property." Walker v. Geico
10 General Ins. Co., 558 F.3d 1025, 1027 (9th Cir. 2009) (citing Cal.
11 Bus. & Prof. Code § 17204). Plaintiffs have not met this standard.
12      Further, the Attorney Defendants argue Plaintiffs have not
13 demonstrated a probability of prevailing on the merits of their
14 conspiracy to commit unlawful acts claim since "conspiracy does not
15 give rise to a cause of action unless an independent civil wrong has
16 been committed." Lyddon v. Rocha-Albertsen, No. 1:03-05502, 2006 WL
17 3086951, at *36 (citing Rusheen v. Cohen, 37 Cal. 4th 1048, 1062
18 (2006)). Plaintiffs failed to provide admissible evidence indicating
19 that the Attorney Defendants committed an independent civil wrong.
20      The Attorney Defendants also argue Plaintiffs have not
21 demonstrated a probability of prevailing on the merits of their state
22 Due Process law violations premised are on Plaintiffs "not [being]
23 provided with notice and an opportunity to be heard prior to the
24 [state] court's entry of default . . . ." (Compl. ¶ 46). The
25 Attorney Defendants argue this claim constitutes a de facto appeal of
26 the underlying state court judgments and thus is barred by the Rooker-
27 Feldman doctrine. "Under Rooker-Feldman, a federal district court
28 does not have subject matter jurisdiction to hear a direct appeal from

the final judgment of a state court." <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th Cir. 2003). Since Plaintiffs allege their state Due Process rights were violated based on erroneous state court decisions, this claim constitutes a de facto appeal of the state court judgment, and therefore is dismissed for lack of subject matter jurisdiction.

Finally, the Attorney Defendants argue Plaintiffs have not demonstrated a probability of prevailing on the merits of their claims alleged under the California Fair Credit Reporting Act. Plaintiffs allege in these claims that the Attorney Defendants "caused to be reported to third persons, including credit reporting agencies, false statements regarding the alleged debts [Plaintiffs] owed . . . ." (Compl. ¶ 26.) The Attorney Defendants argue Plaintiffs have presented no admissible evidence that the Attorney Defendants reported any credit information about Plaintiffs. The Attorney Defendants are correct. Therefore, the Attorney Defendants' Anti-SLAPP motion to strike Plaintiffs' state claims is granted.

<u>Motion to Adopt the Argument and Authorities of the Attorney Defendants</u>

GONE also filed an untimely motion to adopt the Attorney Defendants' Anti-SLAPP motion to which Plaintiffs object on the ground that the motion is untimely. Plaintiffs' objection is sustained. Therefore, GONE's untimely motion to adopt the Attorney Defendants' Anti-SLAPP motion is stricken.

Dated: September 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge