IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
KELLY BARKER and KATHY KENOLE,       )
                                     )
              Plaintiffs,            )    2:09-cv-00001-GEB-JFM
                                     )
         v.                          )    ORDER GRANTING PLAINTIFFS'
                                     )    MOTION FOR RECONSIDERATION
PHILIP B. AVILA; CHERYL B. KOFF;     )    AND GRANTING DEFENDANTS'
BORTON & PETRINI, LLP; CHRISTIAN     )    MOTION TO STRIKE*
P. HURST; CHELSEA VANPETTEN; DAWN    )
HARLEMAN; SHLLY PREHM; G.O.N.E.,     )
a sole proprietorship, and           )
G.O.N.E., INC.,                      )
                                     )
              Defendants.            )
_____)
```

On September 18, 2009, Plaintiffs Kelly Barker and Kathy Kenole filed a motion for reconsideration of the September 9, 2009 Order in which Defendants' Philip B. Avila and Borton Petrini, LLP (collectively, "Attorney Defendants") motion to strike Plaintiffs' state law claims under the California Anti-Strategic Lawsuit Against Public Participation ("Anti-SLAPP") statute (Cal. Code Civ. P. § 425.16) was granted. Since the incorrect standard was used in that ruling, Plaintiffs' motion for reconsideration is GRANTED. However, the Attorney Defendants prevail under the correct standard, and their motion to strike Plaintiffs' state law claims will again be GRANTED.

**I.   Plaintiffs' Motion for Reconsideration is Granted.**

The parties failed to address the standard applicable to the Attorney Defendants' motion to strike, and language in the Order

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

granting the motion indicates the Federal Rule of Civil Procedure ("Rule") 56 standard was used rather than the appropriate Rule 12(b)(6) standard. The standard applicable to a motion to strike depends on when during the pendency of the case the motion is filed. Where, as here, discovery has not begun or is incomplete, the Rule 12(b)(6) standard applies to the motion. Aeroplate Corp. v. Arch Ins. Co., 2006 WL 3257487, *5 (E.D. Cal. 2006). Since the motion to strike was decided under the wrong standard, Plaintiffs' motion for reconsideration is granted.

## II.   **The Attorney Defendants' Motion to Strike is Granted.**

The Attorney Defendants argue Plaintiffs' state claims should be stricken under the California Anti-SLAPP statute. "Anti-SLAPP statutes are designed to allow the early dismissal of meritless lawsuits aimed at chilling expression through costly, time-consuming litigation." Gardner v. Martino, 563 F.3d 981, 986 (9th Cir. 2009). "If the defendant files an Anti-SLAPP motion to strike, all discovery proceedings are stayed." Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003). "A court may, however, permit discovery 'on noticed motion and for good cause shown.'" Id. (quoting Cal. Civ. Proc. Code § 425.16 (g)). Here, Plaintiffs request discovery in their motion for reconsideration on the "perjury" issue. However, this discovery was not sought in their opposition to the motion to strike. Rather, in their opposition Plaintiffs only stated in a conclusory manner that they should be allowed to conduct discovery on the "public benefit issue and other issues." This conclusory statement, however, does not show good cause why this referenced discovery should be allowed before decision on the motion. Therefore, Plaintiffs' request for this discovery is DENIED.

1       "[T]o prevail on an Anti-SLAPP motion, the defendant
2 is required to make a prima facie showing that the plaintiff's suit
3 arises from an act by the defendant made in connection with a public
4 issue in furtherance of the defendant's right to free speech under the
5 United States or California Constitution." Batzel, 333 F.3d at 1024.
6 "The burden then shifts to the plaintiff to establish a reasonable
7 probability that the plaintiff will prevail on his or her . . .
8 claim." Id. "The plaintiff must demonstrate that the complaint is
9 legally sufficient and supported by a prima facie showing of facts to
10 sustain a favorable judgment if the evidence submitted by the
11 plaintiff is . . . credited." Id. (citations and quotations omitted).
12       Here, Plaintiffs' allege their lawsuit arises from the
13 Attorney Defendants act of filing claims in state court on behalf of
14 their clients and subsequently obtaining default judgments against
15 Plaintiffs. These "litigation activities" are protected under the
16 Anti-SLAPP statute. Church of Scientology v. Wollersheim, 42 Cal.
17 App. 4th 628, 647-49 (Cal. Ct. App. 1996) (finding that a writing made
18 in . . . a judicial proceeding is a protected activity under section
19 425.16), overruled on other grounds by Equilon Enterprises v. Consumer
20 Cause, Inc., 29 Cal. 4th 53, 68 n.5 (2002). Therefore, the Attorney
21 Defendants have made a prima facie showing under the statute.
22       Plaintiffs have failed to meet their burden of establishing
23 a reasonable probability of success on their claims. Plaintiffs argue
24 (1) the Anti-SLAPP statute does not apply because the Attorney
25 Defendants committed the crime of perjury when litigating in state
26 court by using false declarations; and (2) the Anti-SLAPP statute does
27 not apply because this is a case brought on behalf of the public
28 interest.

1 Plaintiffs' perjury argument fails to recognize that
2 "[c]onduct that would otherwise come within the scope of the Anti-
3 SLAPP statute does not lose its coverage . . . simply because it is
4 alleged to have been unlawful or unethical.  An exception to the use
5 of section 425.16 applies only if a defendant concedes or the evidence
6 conclusively establishes that the assertedly protected speech or
7 petition activity was illegal as a matter of law." Cabral v. Martins,
8 177 Cal. App. 4th 471, 482 (Cal. Ct. App. 2009) (citations and
9 quotations omitted).  Plaintiffs argue for the first time in their
10 motion for reconsideration that the Anti-SLAPP statute does not apply
11 because the Attorney Defendants "use[d] false declarations to
12 fraudulently induce superior court judges to enter default judgments"
13 against Plaintiffs.  (Plt.'s Mot. 4:2-4.)  Plaintiffs cite to a
14 declaration signed by Christian Hurst, manager of G.O.N.E., Inc. and
15 plaintiff in a state case against current Plaintiff Kelly D. Barker,
16 as evidence of the alleged perjury. (Compl. Ex. 3.)  However, the
17 Attorney Defendants did not sign Hurst's declaration and Plaintiffs
18 failed to explain how the declaration is false.  Therefore, Plaintiffs
19 have failed to show that their perjury claims are "legally sufficient
20 and supported by a prima facie showing of facts [sufficient] to
21 sustain a favorable judgment." Batzel, 333 F.3d at 1024.
22 Plaintiffs also reargue the public benefits exception
23 to the Anti-SLAPP statute.  "Section 425.17(b)'s [public interest]
24 exception applies only to actions brought solely in the public
25 interest or on behalf of the general public . . . . The statutory
26 language of 425.17(b) is unambiguous and bars a litigant seeking 'any'
27 personal relief from relying on the . . . exception." Club Members
28 For An Honest Election v. Sierra Club, 45 Cal. 4th 309, 316-17 (2008).

1 | Plaintiffs seek "a personal advantage by advancing plaintiffs' own
2 | interest[s]." Id. at 317.  Specifically, Plaintiffs seek statutory
3 | damages, to have their personal default judgments set aside,
4 | restitution of amounts obtained from a writ of execution against them,
5 | and an order disgorging money received on their judgments.  (Compl.
6 | 23:10-24:5.)  The relief Plaintiffs seek is "greater than or
7 | different from the relief sought for the general public." Cal. Code
8 | Civ. P. § 425.17(b)(1).  Plaintiffs also argue they are acting in the
9 | public interest because they represent a class, but this argument
10 | contradicts Plaintiffs' counsel's admission at the August 3, 2009
11 | hearing that Plaintiffs failed to seek class certification before the
12 | expiration of the prescribed class certification deadline.
13 |         Therefore, the Attorney Defendants' motion to strike
14 | Plaintiffs' state law claims is GRANTED.  However, "granting a
15 | defendant's Anti-SLAPP motion to strike a plaintiff's initial
16 | complaint without granting the plaintiff leave to amend would directly
17 | collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal
18 | amendment." Verizon Delaware, Inc. v. Covad Communications Co., 377
19 | F.3d 1081, 1091 (9th Cir. 2004).  Accordingly, Plaintiffs have five
20 | (5) days leave from the date on which this Order is filed within which
21 | to file an amended complaint amending the dismissed state law claims.

Dated:  November 18, 2009

```
                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge
```