IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

KELLY BARKER and KATHY KENOLE,   )
                                 )
         Plaintiffs,             )    2:09-cv-00001-GEB-JFM
                                 )
    v.                           )    ORDER DENYING DEFENDANTS'
                                 )    MOTIONS FOR SUMMARY JUDGMENT,
PHILIP B. AVILA; CHERYL C. KOFF; )    DEFENDANTS' MOTION FOR
BORTON & PETRINI, LLP; CHRISTIAN )    ATTORNEYS' FEES, AND
P. HURST; CHELSEA VANPETTEN; DAWN)    PLAINTIFFS' COUNTER-MOTION
HARLEMAN; SHLLY PREHM; G.O.N.E., )    FOR ATTORNEYS' FEES*
a sole proprietorship; G.O.N.E., )
INC.; and COMPLEX,               )
                                 )
         Defendants.             )
_____)

     This order addresses four pending motions (Docket Nos. 77, 83, 87, 101), two of which are motions for summary judgment (Docket Nos. 77, 87), which are denied as moot since Plaintiffs filed an amended complaint on December 14, 2009. See <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1989) (stating an amended complaint supercedes the prior complaint). The two remaining motions are decided below.

----

    * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(h).

1

### I. Plaintiffs' Counter-Motion for Attorneys' Fees

Plaintiffs filed a counter-motion on November 11, 2009 (Docket No. 101), in which they seek $136,577.00 in attorneys' fees and expenses from G.O.N.E., G.O.N.E., Inc., Christian P. Hurst, Cheryl C. Koff, Chelsea Van Petten, Dawn Harleman, and Shelly Prehm (the "Debt Collector Defendants"). Plaintiffs argue they are entitled to a mandatory award of fees under the California Anti-Strategic Lawsuit Against Public Participation ("Anti-SLAPP") statute because the Debt Collector Defendants "intended to cause unnecessary delay" by filing a frivolous Anti-SLAPP motion. (Plts.' Counter-Mot. for Attorneys' Fees 4:15-17.)  On July 30, 2009, the Debt Collector Defendants filed a "Notice of Adoption of the Argument and Authorities of the Attorney Defendants" in which they stated: "All parties will please take notice that these Defendants do support and adopt all of the arguments and authorities submitted by the attorney Defendants for the hearing on the above date."  However, Plaintiffs objection that the Debt Collector Defendants "Notice of Adoption" was not timely filed under the applicable local rule was sustained. (Order, Docket No. 71.) Therefore, the Debt Collector Defendants were not allowed to adopt the motion.  Since Plaintiffs' motion is erroneously premised on the Debt Collector Defendants' "Notice of Adoption" having been timely filed, Plaintiffs' attorney fee motion is denied.

### II. The Attorney Defendants' Motion for Attorneys' Fees

Philip B. Avila and Borton & Petrini, LLP ("The Attorney Defendants") filed a motion on October 8, 2009 (Docket No. 83), in which they seek attorneys' fees and costs incurred in moving to strike Plaintiffs' state law claims under the Anti-SLAPP statute. Plaintiffs counter the motion is premature since Plaintiffs were granted leave to

2

amend their complaint. Plaintiffs filed an amended complaint, in which they re-alleged two of the four state-law claims which were alleged in their initial complaint. Since the initial complaint has been amended, the Attorney Defendants have not shown their motion is ripe for decision. See Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004) (stating prevailing defendants on anti-SLAPP motions are entitled to attorneys' fees and costs, but indicating an attorney fee motion is premature if plaintiff is granted leave to file an amended complaint); see also Echostar Satellite, L.L.C. v. Viewtech, Inc., 2009 WL 1668712, *7 (S.D. Cal. 2009) ("Verizon establishes that an award of attorneys' fees is not appropriate where the plaintiff eliminates the meritless state-law claims from the subsequently filed amended complaint."). Therefore, the Attorney Defendants' motion is denied.

### III. Conclusion

For the reasons discussed above, the Attorney Defendants' motion for summary judgment (Docket No. 77) is DENIED, the Attorney Defendants' motion for attorneys' fees (Docket No. 83) is DENIED, the Debt Collector Defendants' motion for summary judgment (Docket No. 87) is DENIED, and Plaintiffs' counter-motion for attorneys' fees (Docket No. 101) is DENIED.

Dated: January 12, 2010

GARLAND E. BURRELL, JR.
United States District Judge