IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLY BARKER and KATHY KENOLE,      )
                                    )
                Plaintiffs,         )      2:09-cv-00001-GEB-JFM
                                    )
          v.                        )      ORDER GRANTING DEFENDANTS'
                                    )      MOTION TO STRIKE, GRANTING
PHILIP B. AVILA; CHERYL C. KOFF;    )      DEFENDANTS' MOTION TO DISMISS
BORTON & PETRINI, LLP; CHRISTIAN    )      PLAINTIFFS' FEDERAL CLAIM &
P. HURST; CHELSEA VANPETTEN; DAWN   )      DISMISSING REMAINING STATE
HARLEMAN; SHELLY PREHM; G.O.N.E.,   )      CLAIMS UNDER 28 U.S.C. §
INC.,                               )      1367(c)(3)[*]
                                    )
                Defendants.         )
                                    )

          This order addresses two pending motions: Defendants Philip

B. Avila and Borton & Petrini's (the "Attorney Defendants") motion to

strike certain portions of Plaintiffs' first amended complaint under

Federal Rule of Civil Procedure ("Rule") 12(f) and the Attorney

Defendants' motion to dismiss Plaintiffs' first amended complaint

under Rule 12(b)(6).  Defendants Cheryl C. Koff, Christian P. Hurst,

Chelsea Vanpetten, Dawn Harleman, Shelly Prehm, and G.O.N.E., Inc.

(the "Debt Collector Defendants") joined both motions (collectively,

"Defendants").

---

          [*]    This matter is deemed to be suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

Plaintiffs allege in their first amended complaint Defendants "fraudulently induc[ed] judges into entering defaults and default judgments through use of perjured declarations." (First Amended Complaint ("FAC") ¶ 1.)  Specifically, Plaintiffs allege the following three claims in their first amended complaint: (1) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e *et seq.* ("FDCPA"); (2) violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* ("Rosenthal Act"); and (3) violation of California Business and Professions Code § 17200 ("UCL").  The Court previously granted the Attorney Defendants' motion to strike Plaintiffs' state law claims under the California anti-SLAPP statute, following which Plaintiffs were granted leave to amend "the dismissed state law claims" only.  In Plaintiffs' first amended complaint, however, Plaintiffs also amended their federal FDCPA claim, to include for the first time, inter alia, allegations of a "second collection lawsuit."  Defendants move to strike these "new allegations," arguing they are "pointedly prejudicial to the [Defendants]" and are "in derogation of the scope of the Court's order granting [P]laintiffs leave to amend."  (Mot. to Strike 5:22-24.)  Defendants make a similar argument in their motion to dismiss: "[Plaintiffs'] attempt . . . to amend . . . [their FDCPA claim] is both unauthorized and unavailing."  (Mot. to Dismiss 3:16-17.)  Plaintiffs fail to address these arguments in their opposition to Defendants' motions.

A Rule 16 Status (Pretrial Scheduling) Order was a entered in this case on April 8, 2009, which prohibited any further amendment to the pleadings absent a showing of "good cause."  (Docket No. 10 2:11-13.)  Rule 16's "good cause" "standard primarily considers the

diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant[s] may be required to show the following: (1) that [they were] diligent in assisting the Court in creating a workable Rule 16 order; (2) that [their] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [their] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [they were] diligent in seeking amendment of the Rule 16 order, once it became apparent that [they] could not comply with the order.

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

Plaintiffs satisfy none of these diligence inquiries. Plaintiffs did not state in the joint status report filed prior to the issuance of the Rule 16 Scheduling Order that they anticipated amending their FDCPA claim.  Although Plaintiffs stated they "reserve the right to motion the court for any appropriate amendments as may be deemed necessary in light of discovery and any other further developments in this case," they have not filed such a motion; nor does this statement satisfy Plaintiffs' "'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible." Jackson, 186 F.R.D. at 608.  Further, Plaintiffs have not responded to Defendants'

argument that the amendments were unauthorized and should be stricken. Plaintiffs' silence leaves the Court to speculate as to why Plaintiffs have not complied with the Rule 16 Scheduling Order.  This silence also indicates Plaintiffs have not been diligent in seeking to amend the Scheduling Order.  Plaintiffs have, however, sought to modify the Scheduling Order to extend the approaching discovery completion deadline and the long-passed deadline to seek class certification. This motion shows Plaintiffs are aware of the good cause standard, yet they have ignored its application to the following language in the Scheduling Order: "No further . . . amendments to pleadings is permitted, except with leave of Court, good cause having been shown." (Docket No. 10 2:11-13.)  Rule 16 is not designed to accommodate this lack of diligence.  Since Plaintiffs have failed to respond to Defendants' lack of good cause to amend arguments in Defendants' motions and have not sought to modify the applicable no further amendment language in the Scheduling Order, they have failed to demonstrate good cause justifies amending this provision of the Scheduling Order.  Therefore, Defendants' motion to strike the amendments to Plaintiffs' FDCPA claim is granted.  See Carbajal v. Dorn, 2010 WL 487433, at *2 (D. Ariz. 2010) (striking new allegations that exceeded the scope of amendments authorized by the court in a previous order for failure to show good cause to modify the Scheduling Order under Rule 16).

Defendants also seek dismissal of the remaining allegations comprising Plaintiffs' FDCPA claim, arguing the claim is barred by the one-year statute of limitations.  The statute of limitations for bringing an FDCPA action is one year from the date on which the alleged offense occurred.  15 U.S.C. § 1692k(d); Naas v. Stolman, 130

F.3d 892, 893 (9th Cir. 1997).  Plaintiffs filed their original
complaint on December 31, 2008.  Since all the alleged violations
occurred before December 31, 2007, Plaintiffs' FDCPA claim is barred
by the statute of limitations.  Therefore, Defendants' motion to
dismiss Plaintiffs' FDCPA claim is granted.  Further, since Plaintiffs
have made no request to modify the "no further amendments" language in
the Scheduling Order and have offered no showing of cause to justify
the amendment of their complaint, this claim is dismissed with
prejudice.

Since only Plaintiffs' state Rosenthal and UCL claims
remain, the Court may consider whether to continue exercising
supplemental jurisdiction.  See Acri v. Varian Assocs., Inc., 114 F.3d
999, 1000 (9th Cir. 1997) (en banc) (suggesting that a district court
may, but need not, sua sponte decide whether to continue exercising
supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all
federal law claims have been dismissed).  Under 28 U.S.C. §
1367(c)(3), a district court "may decline to exercise supplemental
jurisdiction over a [state law] claim" when "all claims over which it
has original jurisdiction" have been dismissed.  "While discretion to
decline supplemental jurisdiction over state law claims is triggered
by the presence of one of the conditions in § 1367(c)(3), it is
informed by the . . . values of economy, convenience, fairness, and
comity."  Acri, 114 F.3d at 1001.  "[I]n the usual case in which all
federal-law claims are eliminated before trial, the balance of [the]
factors to be considered . . . will point toward declining to exercise
jurisdiction over the remaining state-law claims."  Carnegie-Mellon
Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  "Further, primary
responsibility for developing and applying state law rests with the

state courts." <u>Curiel v. Barclays Capital Real Estate Inc.</u>, 2010 WL 729499, at *1 (E.D. Cal. 2010).

Here, considerations of comity weigh heavily in favor of declining supplemental jurisdiction since all remaining claims arise under state law. "Needless decisions of state law should be avoided . . . ." <u>Gibbs v. United Mine Workers of Am.</u>, 383 U.S. 715, 726 (1966). Further, federal judicial economy is promoted by declining to exercise supplemental jurisdiction. <u>See</u> <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir. Cir. 1986) (stating that "[t]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction"). Here, "[t]here is no prevailing reason for this court to maintain jurisdiction to preserve judicial economy." <u>Meza v. Matrix Serv.</u>, 2010 WL 366623, at *4 (E.D. Cal. 2010). Finally, considerations of convenience also weigh against exercising supplemental jurisdiction since the state court is located in close proximity to this federal court. <u>See</u> <u>id.</u> at *4 (finding that convenience weighed against the exercise of supplemental jurisdiction where "the state and federal fora are located in Sacramento, only blocks from one another, making both equally convenience for the parties."). Accordingly, the pertinent factors do not weigh in favor of the continued exercise of jurisdiction, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state Rosenthal Act and UCL claims. Therefore, those claims will be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

For the stated reasons, Defendants' motion to strike Plaintiffs' amendments to their FDCPA claim is granted (Docket No. 123); Defendants' motion to dismiss with prejudice Plaintiffs' FDCPA claim is granted (Docket No. 118); and Plaintiffs' remaining state law

claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

In light of this dismissal, the remaining pending motions (Docket Nos.

120, 126, 132, 138) need not be reached.

      This case shall be closed.

Dated:  August 11, 2010

                             GARLAND E. BURRELL, JR.
                             United States District Judge